[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**November 25, 2003**
**THOMAS K. KAHN**
**CLERK**

No. 02-11072

D. C. Docket No. 01-00637-CV-J-20

DANIEL CLARK MEDBERRY,

Petitioner-Appellant,

versus

JAMES CROSBY,
CHARLIE CRIST, Florida Attorney General,

Respondents-Appellees.

No. 02-15808

D. C. Docket No. 01-00689-CV-J-21

DANIEL C. MEDBERRY,

Petitioner-Appellant,

versus

JAMES CROSBY, Secretary,
Department of Corrections,
CHARLIE CRIST, Florida
Attorney General,

                                        Respondents-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(November 25, 2003)**


Before BLACK, HULL and COX, Circuit Judges.

BLACK, Circuit Judge:

These consolidated appeals arise from Appellant Daniel Clark Medberry's habeas corpus petitions challenging two separate prison disciplinary actions against him. The district court denied both petitions. Pursuant to 28 U.S.C. § 2253(c), this Court granted a certificate of appealability (COA) on very limited issues as to each petition. We now vacate the district court's judgment in appeal number 02-15808 and remand with instructions to dismiss the petition as moot. We affirm the district court in appeal number 02-11072.

## I. BACKGROUND

Appellant is an inmate at Union Correctional Institution in Raiford, Florida. He challenges two prison disciplinary proceedings against him.

A.    June 12 Proceeding, Appeal Number 02-15808

On June 12, 2000, Appellant was found guilty at a prison disciplinary hearing of disorderly conduct and was given 30 days' disciplinary confinement. After exhausting his state court remedies, Appellant filed a petition for a writ of habeas corpus in the district court. The district court expressed the view that the petition was not properly brought under § 2254 because the length of Appellant's custody was not increased by the disciplinary proceeding. The court went on, however, and assumed for purposes of its opinion that the disciplinary proceeding had extended the term of Appellant's confinement and denied Appellant's petition on the merits. We granted a COA on limited issues.

B.    June 7 Proceeding, Appeal Number 02-11072

On June 7, 2000, Appellant was found guilty at a prison disciplinary hearing of disobeying a correctional officer's verbal order and was given 30 days' disciplinary confinement. He also lost 39 days of gain time. After exhausting his state court remedies, Appellant filed a petition for a writ of habeas corpus in the district court. The district court denied Appellant's petition on the merits. We granted a COA on limited issues.

## II.  DISCUSSION

We review de novo issues of law presented in a certificate of appealability. *See Ross v. United States*, 289 F.3d 677, 680 (11th Cir. 2002).

### A.    June 12 Proceeding

With respect to Appellant's petition challenging the June 12 disciplinary proceeding, we issued a COA on three issues.  The first issue set out in the COA asked:

> Are appellant's claims, challenging a state prison disciplinary proceeding that did not affect the duration of his confinement, cognizable in a federal habeas corpus petition?

Before we get to this issue, however, we are faced with the threshold issue of whether Appellant's petition was moot when filed.

Appellant did not file his petition challenging the disciplinary proceeding until almost a year after it occurred.  It is not contested that, at the time Appellant filed his petition, he already had served his 30 days and been released from disciplinary confinement.  Appellant has not shown that the disciplinary proceeding will affect the length of his confinement.[1]

---

[1] Appellant contends the disciplinary proceeding may increase the length of his imprisonment in that it could affect his release date under the Florida control release statute.  In response, Appellees point out that, in 1996, the Florida legislature voided all existing control release dates.  Even if control release generally is available, the statute on which Appellant relies (the 1994 version of Fla. Stat. § 947.146) did not authorize control release for prisoners, like Appellant, who have been convicted of sexual battery.

4

Under our precedent, "it is proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas corpus" because "[s]uch release falls into the category of 'fact or duration of . . . physical imprisonment' delineated in *Preiser v. Rodriguez*." *Krist v. Ricketts*, 504 F.2d 887, 887-88 (5th Cir. 1974) (citations omitted).[2] Where, however, a prisoner has completed an imposed term of administrative segregation before he files his petition, we agree with the Seventh Circuit that the "petition[ is] moot when filed and cannot be revived by collateral consequences." *McCollum v. Miller*, 695 F.2d 1044, 1048 (7th Cir. 1982). Accordingly, we hold Appellant's petition was moot when filed.[3] We therefore vacate the district court's judgment and remand with instructions to dismiss the petition as moot.[4]

B.    June 7 Proceeding

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

[3] "Striking at the very heart of federal subject matter jurisdiction, a mootness issue quite clearly can be raised sua sponte if not addressed by the parties." *Sannon v. United States*, 631 F.2d 1247, 1250 (5th Cir. 1980) (internal footnote and citation omitted).

[4] Due to our holding, we need not consider here the issues set out in the COA. The second and third issues set out in the COA—whether Appellant's petition falls under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, and whether he is required to have a COA to proceed on appeal—are, however, discussed in the text below as to Appellant's challenge to the June 7 disciplinary proceeding.
Additionally, we decline Appellant's requests to construe his claims as civil rights claims under 42 U.S.C. § 1983 and to allow him to amend his pleadings accordingly.

With respect to Appellant's petition challenging the June 7 disciplinary proceeding, we issued a COA on two issues:

(1)   Should appellant's habeas corpus petition—challenging the loss of gain time as the result of a state prison disciplinary proceeding that allegedly violated his due process rights, and contending that he is illegally serving a longer state sentence in violation of his constitutional rights—be construed as a petition filed pursuant to 28 U.S.C. § 2241 or one filed pursuant to 28 U.S.C. § 2254?

(2)   Regardless of the ruling on the first issue, is appellant, a state prisoner, required to have a certificate of appealability to proceed on the appeal from the denial of his habeas corpus petition challenging the loss of gain time as the result of a prison disciplinary proceeding?

We now hold that Appellant's petition was subject to both § 2241 and § 2254.[5]

We further hold that Appellant is required to have a COA in order to obtain review in this Court as to the merits of his challenges to the disciplinary proceeding. We previously denied Appellant a COA as to the merits of his claims because he failed to make a substantial showing of the denial of a constitutional right. Because of our holding here and our previous denial of a COA, Appellant cannot proceed on appeal as to the merits of his claims.

1.   Section 2241 or Section 2254

_____

[5] When we refer to a petition as being subject to § 2254, we mean § 2254 and all its attendant restrictions.

6

Unfortunately, the relatively simple issue of whether Appellant's petition should be evaluated under § 2241 or § 2254 has become complicated, if only in appearance. The volume of habeas corpus litigation in the federal courts has led us sometimes to use language casually when describing the procedures and remedies available to prisoners seeking post-conviction relief. This lack of precision has, over time, created unnecessary confusion. Today we clear up some of the confusion and hold that, although Appellant's petition is authorized by § 2241, it also is governed by § 2254 because Appellant is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).

a.       Legislative History of Post-Conviction Relief Statutes

For the sake of completeness, we look at the history of federal habeas corpus. We focus specifically on the following discrete points in time: (i) the 1789 grant to the federal courts of the limited power to grant writs of habeas corpus; (ii) the 1867 Amendments to the federal habeas statutes; (iii) the 1874 codification of the statutes; (iv) the 1948 recodification; (v) the 1966 Amendments; and (vi) the 1996 AEDPA Enactment.

i.       1789 Grant of Authority

The First Congress, in legislation establishing the federal judiciary, saw fit to extend to the federal courts a limited power to grant the writ of habeas corpus. According to section 14 of the Judiciary Act of 1789,

> [A]ll the before-mentioned courts of the United States, shall have power to issue writs of . . . *habeas corpus* . . . . And . . . either of the justices of the supreme court, as well as judges of the district courts, shall have power to grant writs of *habeas corpus* for the purpose of an inquiry into the cause of commitment.—*Provided*, That writs of *habeas corpus* shall in no case extend to prisoners in gaol, unless where they are in custody, under or by colour of the authority of the United States, or are committed for trial before some court of the same, or are necessary to be brought into court to testify.

Act of Sept. 24, 1789, ch. 20, § 14, 1 Stat. 73, 81–82 (codified as amended at 28 U.S.C. § 2241). Under the final clause of section 14, the authority of the federal courts to issue writs of habeas corpus was limited to federal prisoners. *See id.*; *see also Ex parte Dorr*, 44 U.S. (3 How.) 103, 105 (1845). Despite minor amendments, the habeas corpus statute remained mostly unchanged for nearly eight decades.

### ii. 1867 Amendments

Following the Civil War, Congress amended the habeas corpus statute to expand its scope to include state prisoners:

> [T]he several courts of the United States, and the several justices and judges of such courts, within their respective jurisdictions, in addition to the authority already conferred by law, shall have power to grant writs of habeas corpus in all cases where any person may be restrained of his or her liberty in violation of the constitution, or of any treaty or law of the United States . . . .

Act of Feb. 5, 1867, ch. 28, § 1, 14 Stat. 385, 385 (codified as amended at 28 U.S.C. § 2241). Significantly, the 1867 amendments were the first time Congress authorized the federal courts to issue the Great Writ to any prisoner held in violation of the Constitution or laws of the United States, even to a prisoner held in state custody.

### iii. 1874 Codification

In 1874, Congress codified the federal statutes, locating those governing habeas corpus in §§ 751–66. *See* Rev. Stat. §§ 751–66 (codified as amended at 28 U.S.C. § 2241 *et seq.*). The basic grant of the authority to issue writs of habeas corpus was set out in § 751. *See* Rev. Stat. § 751 ("The Supreme Court and the circuit and district courts shall have power to issue writs of habeas corpus.").

Consistent with the 1867 Act's expansion of the writ of habeas corpus, § 753 provided:

> The writ of habeas corpus shall in no case extend to a prisoner in jail, unless where he is in custody under or by color of the authority of the United States, or is committed for trial before some court thereof; . . . or is in custody in violation of the Constitution or of a law or treaty of the United States . . . .

Rev. Stat. § 753. Later codifications of the habeas statutes were substantively identical. *See, e.g.*, 28 U.S.C. §§ 451–463 (1940) (codified as amended at 28 U.S.C. § 2241 *et seq*.).

#### iv.    1948 Recodification

In 1948, Congress recodified the post-conviction relief statutes. The recodification left the basic grant of authority to issue writs of habeas corpus unchanged. *See* Act of June 25, 1948, ch. 646, § 2241, 62 Stat. 964, 964–65 (codified as amended at 28 U.S.C. § 2241). The new § 2241 provided as follows:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . .
>
> . . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
> > . . . .

10

(3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

*Id.* § 2241, 62 Stat. 964–65. The new § 2241(c) listed five classes of persons who could seek the writ of habeas corpus, with § 2241(c)(3) including the 1867 extension of the writ to state prisoners. As the Reviser's Notes to the 1948 recodification explained, § 2241 merely "consolidate[d] sections 451, 452 and 453 of title 28, U.S.C., 1940 ed., with changes in phraseology necessary to effect the consolidation." H.R. Rep. No. 80–308, App., at 1905 (1947).

The 1948 recodification did more, however, than simply restructure § 2241. It also added §§ 2254 and 2255 to the statutory scheme. In § 2254, Congress codified the judicially-constructed exhaustion requirement:[6]

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
>
> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of

---

[6] The Supreme Court initially announced the exhaustion requirement in *Ex Parte Royall*, 117 U.S. 241, 6 S. Ct. 734 (1886). The Reviser's Note to § 2254 clearly stated: "This new section is declaratory of existing law as affirmed by the Supreme Court." H.R. Rep. No. 90-308, Appendix, at 1908 (citing *Ex parte Hawk*, 321 U.S. 114, 64 S. Ct. 448 (1944)); *see also Felker v. Turpin*, 518 U.S. 651, 662 n.4, 116 S. Ct. 2333, 2339 n.4 (1996).

11

this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Act of June 25, 1948, ch. 646, § 2254, 62 Stat. at 967 (codified as amended at 28 U.S.C. § 2254).

In Section 2255, Congress provided a new statutory motion by which federal prisoners could seek post-conviction relief, separate and apart from an application for a writ of habeas corpus. *See* Act of June 25, 1948, ch. 646, § 2255 ¶ 1, 62 Stat. 967 (codified as amended at 28 U.S.C. § 2255) ("A prisoner in custody under sentence of a court of the United States claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."); *see also Wofford v. Scott*, 177 F.3d 1236, 1239–42 (11th Cir. 1999) (discussing legislative history of § 2255). Prior to the enactment of § 2255, federal prisoners petitioned for writs of habeas corpus in the district where they were detained, which frequently was different from the district where they had been tried, convicted, and sentenced. This created significant procedural problems for federal courts. *See United States v. Hayman*, 342 U.S. 205, 212–14, 72 S. Ct. 263, 268–69 (1952); *Wofford*, 177 F.3d at 1239. The new motion under § 2255 alleviated many of these procedural difficulties by directing prisoners to file the motion in the court where they were convicted and before the judge who

sentenced them, though without "any purpose to impinge upon prisoners' rights of collateral attack upon their convictions." *Hayman*, 342 U.S. at 219, 72 S. Ct. at 272. The § 2255 motion, however, was *not* a petition for a writ of habeas corpus. *See id.* at 220, 72 S. Ct. at 273; *see also* H.R. Rep. No. 80-308, at 1908 (1947) ("This section restates, clarifies and simplifies the procedure in the nature of the ancient writ of error coram nobis. It provides an expeditious remedy for correcting erroneous sentences without resort to habeas corpus.").[7]

Section 2255 also included exclusivity language that renders the writ of habeas corpus (authorized by § 2241) unavailable to most federal prisoners seeking to challenge their convictions or sentences.

> An application for a writ of habeas corpus [under §§ 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion [under § 2255], to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 ¶ 5. Although the exact purpose of this language is unclear, *see Wofford*, 177 F.3d at 1238–42, it is evident that this clause integrated the new

---

[7]Note, however, that the § 2255 motion is not actually a coram nobis procedure. *See Hayman*, 342 U.S. at 221 n.36, 72 S. Ct. at 273 n.36 ("Congress did not adopt the coram nobis procedure as it existed at common law . . . .").

13

§ 2255 remedy with the traditional writ of habeas corpus. The purpose of the § 2255 motion was to replace, in certain situations, the application for a writ of habeas corpus—which in the case of federal prisoners posed significant administrative problems—with a similar but different remedy. If Congress had not simultaneously limited the availability of the writ of habeas corpus to federal prisoners when it authorized the new § 2255 motion, § 2255 would have failed to solve the problem posed by federal prisoners petitioning for writs of habeas corpus in districts other than those in which they had been convicted. At the same time, the last clause of the § 2255 provision quoted above avoided any serious question about whether the replacement of the writ of habeas corpus for a federal prisoner with the new § 2255 caused an unconstitutional suspension of the writ. *See Swain v. Pressley*, 430 U.S. 372, 381, 97 S. Ct. 1224, 1229–30 (1977); *Hayman*, 342 U.S. at 223, 72 S. Ct. at 274.

v.     1966 Amendments

The statutes governing post-conviction relief were again amended in 1966. Act of Nov. 2, 1966, Pub. L. No. 89-711, 80 Stat. 1104 (codified as amended at 28 U.S.C. §§ 2241–2255). Although the basic grant of habeas power in § 2241

remained the same, *see id.*, § 2254 was substantially altered and separated into subsections. The new subsection (a) provided:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

*Id.* § 2(b) (amending § 2254). The two paragraphs of § 2254 that were created in 1948 were preserved as subsections (b) and (c). *See id.* § 2(c). Subsections (d), (e), and (f) were also added, including a statutory presumption in favor of state courts' factual findings. *See id.* § 2(d)–(f).

Much of the debate surrounding the 1966 revisions to § 2254 pertained to a proposal to require all habeas petitions to be heard by three-judge district courts, an idea that was ultimately withdrawn. *See* S. Rep. No. 89-1797 (1966), *reprinted in* 1966 U.S.C.C.A.N. 3663, 3666; H.R. Rep. No. 89-1892, at 3 (1966). Neither the House nor the Senate committee reports included substantive comment on the revision to § 2254(a); the House report commented on that subsection merely by repeating its language. *See* H.R. Rep. No. 89-1892, at 8 (1966). The absence of any substantive comment supports a conclusion that the new § 2254(a) merely reiterated the basic scope of habeas relief articulated in § 2241. There is no evidence of any intent for § 2254 to broaden the scope of relief or to provide an

15

independent, alternative remedy to the writ of habeas corpus authorized by § 2241. Indeed, all the provisions of § 2254 curtail a court's authority to grant habeas corpus relief to state prisoners.

### vi. 1996 AEDPA Enactment

Most recently, the statutes governing federal post-conviction relief were amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. No. 104-132, 110 Stat. 1214 (1996) (codified at 28 U.S.C. §§ 2241–2255). AEDPA included many significant restrictions on the availability of post-conviction relief in the federal courts. *See* H.R. Conf. Rep. No. 104-518, at 111 (1996), *reprinted in* 1996 U.S.C.C.A.N. 944, 944 (AEDPA "incorporate[d] reforms to curb the abuse of the statutory writ of habeas corpus, and to address the acute problems of unnecessary delay and abuse in capital cases."). *See generally* Larry W. Yackle, *A Primer on the New Habeas Corpus Statute*, 44 Buff. L. Rev. 381 (1996). Among the significant additions were new statutes of limitation in both §§ 2254 and 2255, bars on filing second or successive petitions, provisions curtailing review of state court factual determinations, and restrictions on evidentiary hearings in federal court. *See* Pub. L. No. 104-132, §§ 101, 104-106, 110 Stat. 1214, 1217–21 (1996) (amending 28 U.S.C. §§ 2244, 2254 & 2255). AEDPA did not, however, amend §§ 2241(c), 2254(a), or 2255 ¶ 1.

16

### b. The 2241/2254 Issue Resolved

After reviewing the relevant history, it is evident that there are two distinct means of securing post-conviction relief in the federal courts: an application for a writ of habeas corpus (governed by, inter alia, §§ 2241 and 2254) and a motion to vacate a sentence (governed by § 2255). Because the post-conviction statutes are complicated and cumbersome, we often found it convenient to refer generally to cases implicating these statutes as "habeas corpus cases." We also referred simply to "§ 2241 petitions," "§ 2254 petitions," and "§ 2255 petitions." The seductive simplicity of these shorthand references, however, conceals important distinctions between the two post-conviction remedies.

Take first the narrower of the two remedies: the § 2255 motion to vacate a federal prisoner's sentence. Section 2255 permits federal prisoners under sentence to move to vacate their sentences only if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 1.

Turning to the writ of habeas corpus proper, the first point that bears emphasizing is that the writ of habeas corpus is a single post-conviction remedy

principally governed by two different statutes. *See* 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted . . . ."); 28 U.S.C. § 2254(a) ("[Federal courts] shall entertain an application for a writ of habeas corpus . . . ."). These identical statutory references to "the writ of habeas corpus" must be read as referring to the same remedy. *See Sorenson v. Sec'y of the Treasury*, 475 U.S. 851, 860, 106 S. Ct. 1600, 1606 (1986). It is hardly surprising, therefore, to find previous rulings citing both of the statutes that apply to a state prisoner seeking the writ of habeas corpus. *E.g., Grace v. Hopper*, 566 F.2d 507, 508 (5th Cir. 1978) ("This is a habeas case brought pursuant to 28 U.S.C. §§ 2241, 2254 . . . ."); *Glass v. Heyd*, 457 F.2d 562, 563 (5th Cir. 1972) (per curiam) ("In this habeas proceeding filed under 28 U.S.C. §§ 2241, 2242, and 2254 . . . ."); *see also Francis v. Henderson*, 425 U.S. 536, 538, 96 S. Ct. 1708, 1710 (1976) ("There can be no question of a federal district court's power to entertain an application for a writ of habeas corpus in a case such as this. 28 U.S.C. §§ 2241, 2254.").

The difference between the statutes lies in the breadth of the situations to which they apply. Section 2241 provides that a writ of habeas corpus may issue to a prisoner in the following five situations:

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

18

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c). Section 2254, on the other hand, applies to a subset of those to whom § 2241(c)(3) applies—it applies to "a person in custody *pursuant to the judgment of a State court*" who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

Section 2254(a) is more in the nature of a limitation on authority than a grant of authority. *Compare* § 2254(a) ("[Federal courts] shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added)),

*with* § 2241(a) ("Writs of habeas corpus may be granted by [federal courts] within their respective jurisdictions."). Section 2254 presumes that federal courts already have the authority to issue the writ of habeas corpus to a state prisoner, and it applies restrictions on granting the Great Writ to certain state prisoners—i.e., those who are "in custody pursuant to the judgment of a State court." Thus, the text of § 2254 indicates that it is not itself a grant of habeas authority, let alone a discrete and independent source of post-conviction relief.

Neither does the history of § 2254 suggest that the section is anything more than a limitation on the preexisting authority under § 2241(c)(3) to grant the writ of habeas corpus to state prisoners. The 1948 codification which created § 2254 merely codified judge-made restrictions on issuing the writ of habeas corpus as authorized under § 2241. *See supra* Part II.B.1.a.iv. Because it was merely declarative of judicial limitations imposed on habeas relief under § 2241, § 2254 could not possibly have created a new post-conviction remedy. Section 2254(a) merely specifies the class of state prisoners to which the additional restrictions of § 2254 apply. In sum, § 2254 is not an independent and additional post-conviction remedy for state prisoners; there is but a single remedy, the writ of habeas corpus.

In harmonizing § 2241 and § 2254, and thus in answering the issue presented in the COA, we turn to the canon of statutory construction that the more

20

specific takes precedence over the more general. *Edmond v. United States*, 520 U.S. 651, 657, 117 S. Ct. 1573, 1578 (1997); *Tug Allie-B, Inc. v. United States*, 273 F.3d 936, 948 (11th Cir. 2001); *Bouchard Transp. Co. v. Updegraff*, 147 F.3d 1344, 1351 (11th Cir. 1998). Applying this canon of statutory construction, the Third Circuit concluded that an application for a writ of habeas corpus by a state prisoner serving his sentence is subject to the requirements of § 2254. *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). The court stated that "both Sections 2241 and 2254 authorize [petitioner's] challenge to the legality of his continued state custody," but that allowing him to file his "petition in federal court pursuant to Section 2241 without reliance on Section 2254 would . . . thwart Congressional intent." *Id.* at 484-85. We agree.

We find further support for the application of § 2254 in this case from the canon of statutory construction against reading any provision, or even any word, of a statute so as to make it superfluous. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253, 112 S. Ct. 1146, 1149 (1992) ("[C]ourts should disfavor interpretations of statutes that render language superfluous . . . .").

Our reading of §§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, gives meaning to

21

§ 2254 without rendering § 2241(c)(3) superfluous.  Under our reading, there remain some state prisoners to whom § 2254 does not apply.  Section 2254 is limited to state prisoners "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).  State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States.  Yet a person held in such pre-trial detention would not be "in custody pursuant to the judgment of a State court."  Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only.  To read §§ 2241 and 2254 other than as we do would effectively render § 2254 meaningless because state prisoners could bypass its requirements by proceeding under § 2241.

If § 2254 were not a restriction on § 2241's authority to grant the writ of habeas corpus, and were instead a freestanding, alternative post-conviction remedy, then § 2254 would serve no function at all.  It would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing "§ 2241" on his petition for federal post-conviction relief.  All of Congress's time and effort in enacting § 2254, amending it in 1966, and further amending it in 1996 with AEDPA would have been a complete waste.  Section 2254 would never be used or applied, and all of the thousands of decisions over the past half-century from the

22

Supreme Court and other federal courts interpreting and applying the provisions of § 2254 would have been pointless. Section 2254 would be a great irrelevancy because a state prisoner could simply opt out of its operation by choosing a different label for his petition.

Appellant's arguments that his application for habeas relief is not subject to the requirements of § 2254 are unpersuasive. Appellant first argues that § 2254 does not reach challenges to the execution of a sentence. Specifically, he contends that § 2254 "does not apply where the exact custody of which the prisoner complains is a result of administrative proceedings, which are not State court judgments." As set out above, however, to implicate § 2254, the prisoner must be "in custody pursuant to the judgment of a State court." Appellant undeniably is in custody pursuant to the judgment of the Florida court.

Appellant next argues that by holding his petition to be governed by § 2254, the Court would create the illogical situation where federal prisoners challenge disciplinary proceedings under § 2241, but state prisoners must proceed under § 2254. As we have explained, state prisoners in custody pursuant to the judgment of a state court may file a habeas corpus petition, as authorized by § 2241, but they are limited by § 2254. When a state prisoner's petition falls within the ambit of § 2254, the prisoner is subject to that section's restrictions. Similarly, when a

23

federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions. The fact that the § 2255 sphere of applicability and restrictions do not parallel those of § 2254 does not make the statutory scheme illogical or our statutory interpretation incorrect.

Appellant further contends that § 2254 is not the best fit for state prisoners challenging prison disciplinary proceedings and sanctions. In particular, he points out that state court review of prison disciplinary proceedings varies by state. He argues that subjecting such challenges to the § 2254 exhaustion requirement would lead to a lack of uniformity. Appellant further contends that, as to prisoners incarcerated by states not providing state court review, the standard of review provisions set out in § 2254(d) and (e) would be rendered meaningless.

With respect to these arguments, we note it is clear from § 2254(c) that Congress was aware at the time of its enactment that the availability of state court review may vary by state. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, *if* he has the right under the law of the State to raise, by any available procedure, the question presented." (emphasis added)). Section 2254 merely requires that a petitioner exhaust any available state procedures and

that, where such procedures are available, the federal courts give a certain amount of deference to the state court determinations.

Finally, Appellant points out that the § 2244(b)(2) provision governing successive petitions, by its terms, would not permit a § 2254 petition challenging prison disciplinary proceedings where a petitioner has brought an earlier petition challenging his conviction or sentence. We disagree. The term "'second or successive' remains a term of art that must be given meaning by reference to both the body of case law developed before the enactment of AEDPA and the policies that prompted AEDPA's enactment." *Crouch v. Norris*, 251 F.3d 720, 725 (8th Cir. 2001). We agree with the decisions issued by many of our sister circuits that a petition challenging such disciplinary proceedings would not be second or successive where the claim could not have been raised in an earlier petition and does not otherwise constitute an abuse of the writ. *See James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *Hill v. Alaska*, 297 F.3d 895, 898–99 (9th Cir. 2002); *Crouch*, 251 F.3d at 725; *In re Cain*, 137 F.3d 234, 236–37 (5th Cir. 1998).

Insofar as we hold Appellant is subject to § 2254 and its various restrictions, we find ourselves in agreement with the Second, Third, Seventh, and Eight Circuits. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278–79 (2d Cir.

25

2003); *Crouch*, 251 F.3d at 723; *Coady*, 251 F.3d at 484–85; *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000).[8]

In summary, a state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All such applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ—to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254.

2. COA Requirement

---

[8]*Cf. Felker v. Turpin*, 518 U.S. 651, 662, 116 S. Ct. 2333, 2339 (1996) ("[A]uthority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'" (citation omitted)).

We note that the Tenth Circuit has taken a different view. In the case of federal prisoners, it distinguishes attacks on convictions or sentences (§ 2255 motions) from attacks on the execution of sentences (writs of habeas corpus under § 2241). By analogy to the distinction it applies to federal prisoners, the Tenth Circuit permits state prisoners to proceed under § 2241 when it would permit a federal prisoner to file a similar petition for a writ of habeas corpus under § 2241. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence." (internal citations omitted)). In our view, the Tenth Circuit's precedent disregards crucial textual differences between § 2254 and § 2255.

Finally, we address the issue of whether Appellant is required to obtain a certificate of appealability to proceed before this Court on his appeal pertaining to the June 7 disciplinary proceeding. We hold that he is.

28 U.S.C. § 2253(c)(1)(A) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . .

Similarly, our rules provide: "In all appeals in cases brought pursuant to 28 U.S.C. § 2254 or § 2255, counsel shall apply to the district court for a ruling on a certificate of appealability." 11th Cir. R. 22-1(a).

Petitioner contends that the § 2253(c)(1)(A) COA requirement does not apply to his petition because the detention of which he is complaining arose out of a prison disciplinary proceeding and not "out of process issued by a State court." We disagree.

The § 2253(c)(1)(A) COA requirement applies where the "detention complained of *arises out of process issued by a State court*." We think Appellant espouses far too narrow a reading of this language. As the District of Columbia Circuit has stated, the better, more natural reading is that a COA is required "when

27

the prisoner's detention originated in state court process, even if a later decision [by an administrative board] is the more immediate cause of the prisoner's continuing detention." *Madley v. U.S. Parole Comm'n*, 278 F.3d 1306, 1310 (D.C. Cir. 2002).

Here, Appellant's incarceration originated in state court process—a judgment sentencing him to a term of years. The term of imprisonment ordered by the state court has not yet expired. The prison disciplinary board has no authority to change the judgment. What the board has the power to do is to release him earlier or to delay his earlier release. The prison disciplinary action of which Appellant complains would not have occurred had Appellant not in the first instance been convicted and sentenced through state court process. Accordingly, we hold that § 2253 requires Appellant to obtain a COA to proceed on appeal. *See Madley*, 278 F.3d at 1310; *Greene v. Tenn. Dep't of Corrs.*, 265 F.3d 369, 372 (6th Cir. 2001);[9] *Coady*, 251 F.3d at 486.[10]

---

[9] We note that the court in *Madley* did not specify whether the petition had been brought under § 2241 or under § 2254 and that the petition in *Greene* was filed under § 2241. Regardless of the section under which those petitions were filed, the reasoning in those cases is applicable here.

[10] We note that the Seventh Circuit in *Walker*, 216 F.3d 626, reached a contrary decision. In that case, the court noted that states provide varying review of prison disciplinary proceedings and stated that "[t]he possibility of limited judicial review does not . . . convert the prisoner's administrative detention into something that *arises* from process issued by the state court." *Id.* at 637-38. The court stated, moreover, that "[t]here is good reason to accord greater finality to state court proceedings, where the full range of procedural protections for a defendant apply, than to

## III. CONCLUSION

We vacate the district court's judgment in appeal number 02-15808 and remand with instructions to dismiss Appellant's petition as moot because, at the time he filed his petition, Appellant already had completed the term of disciplinary confinement imposed on him as a result of the June 12, 2000, prison disciplinary proceeding.

We affirm the district court as to appeal number 02-11072. We hold that Appellant's petition is governed by § 2241 and by § 2254 because Appellant is in custody pursuant to the judgment of a state court. We also hold that Appellant is required to obtain a COA in order to proceed on appeal as to the merits of his claims challenging the June 7, 2000, prison disciplinary proceeding because the detention of which he complains originated in state court process. We previously

---

prison disciplinary proceedings." *Id.* at 638. The court further noted that its conclusion maintained consistency between the procedures applicable to state prisoners and those applicable to federal prisoners because under its precedent a COA was not required by federal prisoners challenging disciplinary proceedings under § 2241. *Id.* The Seventh Circuit's *Walker* decision has, however, been the subject of criticism within that court. *See Moffat v. Broyles*, 288 F.3d 978, 980 (7th Cir. 2002) (noting that "[n]ot a single judge in any other circuit has adopted the view taken in *Walker* that § 2253(c)(1) is inapplicable to collateral attacks on administrative decisions that affect how much of a judicially imposed sentence shall be served," and stating that "*Walker* reaches a counter-textual conclusion: § 2253(c)(1) asks whether the *detention* arises out of a state court's process, while *Walker* asks whether the *challenged decision* was made by a state court"). We reject *Walker*'s reasoning and conclusion.

denied Appellant a COA as to the merits of his claims. Appellant therefore cannot proceed on appeal as to the merits of his claims.

JUDGMENT VACATED AND CASE REMANDED WITH INSTRUCTIONS TO DISMISS AS MOOT IN APPEAL NUMBER 02-15808. JUDGMENT AFFIRMED IN APPEAL NUMBER 02-11072.