[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2005
THOMAS K. KAHN
CLERK

No. 04-16562
Non-Argument Calendar
_____

D.C. Docket No. 03-00539-CV-J-32MCR

DANIEL C. MEDBERRY,

Petitioner-Appellant,

versus

JAMES CROSBY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 15, 2005)

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Florida state prisoner Daniel C. Medberry appeals pro se the denial by the

district court of his pro se petition for a writ of habeas corpus under 28 U.S.C.

section 2254. Because the petition was moot when filed and the "capable-of-

repetition" exception to the mootness doctrine does not apply, we affirm the dismissal of his petition by the district court.

In his habeas petition, Medberry challenged his placement on close management status from September 21, 2000, until December 18, 2001, because of disciplinary problems. The district court dismissed Medberry's petition as moot because his placement in close management was completed before Medberry filed his habeas petition on March 4, 2003. The court granted a certificate of appealability as to whether it erred "in dismissing this action as moot because the 'capable repetition but evading review' exception to the mootness doctrine applies in this case." We review questions of mootness de novo. See Crown Media, LLC v. Gwinnett County, Ga., 380 F.3d 1317, 1323 (11th Cir. 2004).

"[I]t is proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas corpus" because "[s]uch release falls into the category of 'fact or duration of . . . physical imprisonment.'" Medberry v. Crosby, 351 F.3d 1049, 1053 (11th Cir. 2003) (quoting Krist v. Ricketts, 504 F.2d 887, 887-88 (5th Cir. 1974)). In Medberry, we concluded that when "a prisoner has completed an imposed term of administrative segregation before he files his petition, . . . the 'petition is moot when filed and cannot be revived by collateral consequences.'" Id. (quoting

<u>McCollum v. Miller</u>, 695 F.2d 1044, 1048 (7th Cir. 1982)).  Because Medberry was released from close management in December 2001, a year and three months before he filed his habeas petition, the petition was moot when filed in March 2003.

There is a recognized "exception to the general rule [of mootness] in cases that are 'capable of repetition, yet evading review.'" <u>Murphy v. Hunt</u>, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183 (1982).  "[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." <u>Los Angeles v. Lyons</u>, 461 U.S. 95, 109, 103 S. Ct. 1660, 1669 (1983) (citation omitted).  To qualify for the exception, two elements must be simultaneously present: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." <u>Murphy</u>, 455 U.S. at 482, 102 S. Ct. at 1183.  "[T]here must be a 'reasonable expectation' or a 'demonstrated probability' that the <u>same</u> <u>controversy</u> will recur involving the same complaining party." <u>Id.</u> at 482, 102 S. Ct. at 1184 (emphasis added).

This exception does not apply to Medberry's petition. As to the first element, the challenged action is not too short in duration to be fully litigated. Although Medberry's placement in close management was completed by the time he reached federal court, the Florida district and appellate courts considered the merits of his claim. As to the second element, Medberry has not established that there is a reasonable expectation that he will be subjected to the same action again. Although Medberry has presented numerous administrative reports that detail his interaction with prison authorities and his placement in close management, these reports and grievances do not show that the same circumstances about which Medberry complained in his habeas petition were the impetus for any later placement of Medberry in close management. See Lyons, 461 U.S. at 105-06, 103 S. Ct. at 1667; Murphy, 455 U.S. at 484, 102 S. Ct. at 1181. Instead, the various reports and grievances show that Medberry often receives discipline; they do not show that the same circumstances repeatedly give rise to the discipline.

Because the exception to the mootness doctrine does not apply, the district court properly dismissed Medberry's petition for a writ of habeas corpus as moot.

**AFFIRMED.**

4