[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16291
Non-Argument Calendar

_____

D. C. Docket No. 06-00586-CV-FTM-99-DNF

ROYAL HITESHAW,

Petitioner-Appellant,

versus

PAUL A.BUTTERFIELD, Secretary, Department of Children
and Family Services,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 10, 2008)**

Before ANDERSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Royal Hiteshaw, a state pre-trial detainee awaiting a civil commitment trial, appeals the district court's dismissal of his habeas corpus petition, brought pursuant to 28 U.S.C. §§ 2241 and 2254. We granted a certificate of appealability (COA) on two issues: (1) whether Hiteshaw was required to obtain a COA under 28 U.S.C. § 2253 to appeal the dismissal of his habeas petition; and (2) whether the district court erred by characterizing Hiteshaw's petition as a § 2254 petition rather than a § 2241 petition. We review each issue in turn.

## I. *Whether Hiteshaw was Required to Obtain a COA*

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). We held a state prisoner who filed a federal habeas petition challenging prison disciplinary actions was required to get a COA to appeal where his claims arose out of a prison disciplinary proceeding. *Medberry v. Crosby*, 351 F.3d 1049, 1063 (11th Cir. 2003). In reaching this result, we rejected a narrow reading of the operative statutory phrase, "arises out of process issued by a State court," and stated that a "more natural reading is that a COA is required when the prisoner's detention originated in state court process, even if a later decision by an administrative board is the more

2

immediate cause of the prisoner's continuing detention." *Id.* (quotation and alteration omitted). In *Medberry*, the petitioner was originally detained pursuant to a state court judgment and conviction, and therefore, his detention arose out of process issued by a state court. *Id.*

Hiteshaw's detention arises out of a state court pre-trial detention order issued after the court found probable cause to believe that Hiteshaw was a sexually violent predator under the Jimmy Ryce Act. *See* Fla. Stat. § 394.915. Our reasoning in *Medberry* supports that Hiteshaw's detention arises out of process issued by a state court because the detention arose from a state court detention order. Because we have already granted Hiteshaw a COA on the issue of whether the district court mischaracterized his habeas petition, we proceed to address that issue.

## II.     *Whether the District Court Mischaracterized Hiteshaw's Petition*

We review *de novo* questions of law presented in a COA. *Medberry*, 351 F.3d at 1053. In *Medberry*, we clarified the relationship between habeas petitions brought by state prisoners pursuant to 28 U.S.C. §§ 2241 and 2254. *Id.* at 1058-62. We stated the writ of habeas corpus is a single post-conviction remedy governed both by § 2241 and § 2254, and the difference between the statutes related to the "breadth of the situations to which they apply." *Id.* at 1059. Habeas petitions

3

brought pursuant to § 2241 may be granted in five situations, one of which is when

the petitioner is "in custody in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. § 2241(c)(3). "Section 2254, on the other hand,

applies to a subset of those to whom § 2241(c)(3) applies–it applies to 'a person in

custody *pursuant to the judgment of a State court*' who is 'in custody in violation

of the Constitution or laws or treaties of the United States.'" *Medberry*, 351 F.3d at

1059 (quoting 28 U.S.C. § 2254(a)). Under this reasoning, § 2254 is limited only

to state prisoners in custody pursuant to a state court judgment, while there "remain

some state prisoners to whom § 2254 does not apply." *Medberry*, 351 F.3d at

1060. We continued:

> State pre-trial detention, for example, might violate the Constitution
> or the laws or treaties of the United States. Yet a person held in such
> pre-trial detention would not be "in custody pursuant to the judgment
> of a State court." Such a prisoner would file an application for a writ
> of habeas corpus governed by § 2241 only.

*Id.*

We summarized our holding as follows:

> In summary, a state prisoner seeking post-conviction relief from a
> federal court has but one remedy: an application for a writ of habeas
> corpus. All applications for writs of habeas corpus are governed by
> § 2241, which generally authorizes federal courts to grant the writ–to
> both federal and state prisoners. Most state prisoners' applications for
> writs of habeas corpus are subject also to the additional restrictions of
> § 2254. That is, if a state prisoner is "in custody pursuant to the
> judgment of a State court," his petition is subject to § 2254. If,
> however, a prisoner is in prison pursuant to something other than a

4

> judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254.

*Id.* at 1062.

Hiteshaw is not "in custody pursuant to a judgment of the State court." 28 U.S.C. § 2254(a). Rather, he is being held pursuant to a state court's pre-trial detention order resulting from the court's probable cause determination that he is a sexually violent predator under the Jimmy Ryce Act. Hiteshaw is awaiting his civil commitment trial to determine if he is in fact a sexually violent predator. In addition, according to Hiteshaw's habeas petition, he has completed serving his prison term for violating the conditions of his parole. Therefore, under the reasoning in *Medberry*, Hiteshaw, as a pre-trial detainee, is not in custody pursuant to any state court judgment, and his habeas petition should have been treated as a § 2241 petition. Thus, the district court erred by characterizing it as a § 2254 petition, and we vacate and remand to the district court so that it can analyze the petition as a § 2241 petition.

**VACATED AND REMANDED.**