[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 24, 2008
THOMAS K. KAHN
CLERK

No. 07-12192
Non-Argument Calendar

_____

D. C. Docket No. 07-21021-CV-PCH

MICHAEL D. WRIGHT, SR.,
78252-004

Petitioner-Appellant,

versus

STATE OF INDIANA,
Loren Grayer
FDC MIAMI,
Warden,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 24, 2008)**

Before BIRCH, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael Wright, a federal prisoner proceeding pro se, appeals the district court's dismissal for lack of jurisdiction of his petition for habeas relief, 28 U.S.C. § 2241. After a thorough review of the record, we vacate and remand.

While confined in a federal prison in Florida awaiting new criminal proceedings, Wright filed the instant § 2241 petition in the district court for the Southern District of Florida seeking review of his 1993 Indiana burglary and theft convictions for which he was to serve 22 years' imprisonment and 13 years probation. The district court dismissed the petition without prejudice, finding that 28 U.S.C. § 2254, and not § 2241, was the proper section under which Wright should bring his petition, and that it lacked jurisdiction to decide the petition because the proper jurisdiction was federal district court in Indiana. Wright now appeals.

In reviewing the district court's denial of a habeas corpus petition, we review questions of law de novo and the court's findings of fact for clear error. Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006). This court has noted that the writ of habeas corpus is a single post-conviction remedy that is governed by both §§ 2241 and 2254, the former section defining the outer parameters of federal courts' authority to decide petitions for habeas corpus, and the latter limiting the courts' authority with respect to a subclass of petitioners – those in custody

2

pursuant to the judgment of a state court. Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir. 2003).

In general, an application for habeas relief "by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d).[1] In considering the proper venue for challenges to state court convictions, this court has held that:

> A prisoner may bring a habeas petition attacking a conviction in another state which may subject him to future custody in that state. In that situation, jurisdiction exists concurrently in both the district of the prisoner's confinement and the district in the state in which the conviction which he seeks to attack was entered. The most convenient forum will often be the district in the state whose conviction is being attacked, and a transfer of the case to that district is permissible, but not required.

Byrd v Martin, 754 F.2d 963, 965 (11th Cir. 1985) (concluding that there was concurrent jurisdiction where the petitioner had been convicted and sentenced for a crime by both a North Carolina state court and a federal district court located in

---

[1] In contrast, an application filed pursuant to § 2241 must be filed in the "district wherein the restraint complained of is had." 28 U.S.C. § 2241(d).

North Carolina, the petitioner was serving his federal sentence in Alabama, and the habeas petition challenging the state court judgment was filed in Alabama); see also White v. Butterworth, 70 F.3d 573 (11th Cir. 1995) (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 498-499 & n.15, 93 S.Ct. 1123, 1131-32 & n.15, 35 L.Ed.2d 443 (1973)).

Applying this precedent to the instant case, Wright properly filed his petition in the district in which he was confined, and the district court erred by dismissing the petition for lack of jurisdiction. Accordingly, we **VACATE** the dismissal of the petition and **REMAND** for further proceedings.[2]

---

[2] On remand, the district court should consider Wright's petition in conjunction with the mandates of § 2254. Medberry, 351 F.3d at 1062. Additionally, the district court may transfer the case to a federal district court in Indiana if it determines that court to be the most convenient. Byrd, 754 F.2d at 965. Notably, Wright had requested such a transfer, which the district court denied.