[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10097
Non-Argument Calendar

_____

D. C. Docket No. 08-00203-CV-3-LAC-EMT

R. CASPER ADAMSON,

Petitioner-Appellant,

versus

WALTER A. MCNEIL,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 17, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

R. Casper Adamson, a Florida state prisoner proceeding pro se, appeals the

denial of his 28 U.S.C. § 2254 petition. Adamson claimed in his petition that in February 2008 he was disciplined in retaliation for his attempt to refile two lawsuits against prison officials. Adamson asserted that the prison disciplinary report, which accused him of filing a frivolous and malicious lawsuit, violated his First Amendment rights. Between 2002 and 2006 Adamson had filed fourteen lawsuits in Florida state court. He filed four habeas actions in 2008, counting this one.

After prison officials decided that Adamson had filed a frivolous lawsuit in Florida state court, they sentenced him to 60 days of disciplinary confinement and took away 60 days of gain time that he had accrued. In a § 2254 petition Adamson asked the district court to expunge the disciplinary report and to restore 60 days of gain time and 20 days of incentive gain time that he could have earned if the disciplinary report had not been issued. The district court declined to dismiss for failure to exhaust state remedies, reached the merits of Adamson's claims, and denied his petition.

We granted a certificate of appealability on the following issues:

(1)     Whether the district court erred in considering the merits of Adamson's following claims: (i) the prison disciplinary action taken against him was an ex post facto clause violation; and (ii) the disciplinary report was barred by the doctrine of laches, without first addressing:

2

a.      Whether Adamson's claims were properly brought pursuant to 28 U.S.C. § 2254,

b.      Whether Adamson's petition constituted a successive habeas petition, and

c.      Whether Adamson's petition was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996?

(2)    Whether the district court erred in considering, in his 28 U.S.C. § 2254 petition, the merits of Adamson's claim that prison disciplinary action was taken against him in retaliation for exercising his First Amendment right of access to the courts, or whether such a claim should have been brought only in a 42 U.S.C. § 1983 action?

Adamson v. McNeil, No. 09-10097 (11th Cir. Mar. 20, 2009).

## I.

When considering the denial of a § 2254 petition, we review the district court's fact findings for clear error and its legal determinations de novo. Owen v. Sec'y for Dep't of Corrections, 568 F.3d 894, 907 (11th Cir. 2009). Mixed questions of law and fact are also subject to de novo review. Id.

## A.

Adamson contends that his claims were properly brought in a § 2254 petition because that is his only remedy for seeking restoration of gain time credits based on an alleged Ex Post Facto Clause violation and an argument that the disciplinary report was barred by laches. The Florida Department of Corrections

3

responds that Adamson's claims should not have been brought in a § 2254 petition because he did not exhaust his available state court remedies before seeking federal habeas review. Adamson replies that the district court correctly considered the merits of his claims even though he failed to exhaust state court remedies because he has been effectively banned from state court. A state court sanction imposed on Adamson in 2006 for filing frivolous lawsuits permits him to file actions in Florida's Second Judicial Circuit only if he obtains counsel and pays any required filing fees.

An Ex Post Facto Clause challenge to the revocation of credits is reviewable in a § 2254 habeas petition. See Lynce v. Mathis, 519 U.S. 433, 436, 117 S. Ct. 891, 893 (1997). A prisoner must bring a claim in habeas if his challenge necessarily implies that a loss of gain time credits is invalid, and that rule applies even if he is challenging only the procedures involved and not the revocation itself. See Abusaid v. Hillsborough County Bd. of County Comm'rs, 405 F.3d 1298, 1315 n.9 (11th Cir. 2005). Therefore, Adamson's ex post facto and laches claims were properly brought in a § 2254 petition because he challenged the loss of gain time credits and, if successful, his suit would have restored the credits and resulted in a speedier release.[1]

---

[1] In Part II of this opinion we will consider whether Adamson should have brought his First Amendment retaliation claim in a § 1983 suit.

4

As for the exhaustion requirement, "[a] § 2254 petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claims in federal court." Owen, 568 F.3d at 907 (quotation marks and alterations omitted). The exhaustion requirement is not jurisdictional but derives from principles of comity. See Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982). If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow for exhaustion. See id. at 519–20, 102 S. Ct. at 1203–05. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Dismissal for failure to exhaust is unnecessary if the "claims that [the petitioner] failed to raise in the state courts present no colorable federal claim." Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992). In the present case, the district court did not err in considering the merits of Adamson's claims without first addressing whether those claims were properly brought pursuant to § 2254.

**B.**

Adamson contends that his § 2254 petition constituted his first court challenge to the disciplinary report, so the petition was not successive. The Department does not dispute that.

5

The Antiterrorism and Effective Death Penalty Act of 1996 "requires that before a second or successive motion or petition is filed, the petitioner first must obtain an order from the court of appeals authorizing the district court to consider it." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Id. A strict reading of the AEDPA provision governing successive petitions "would not permit a § 2254 petition challenging prison disciplinary proceedings where a petitioner has brought an earlier petition challenging his conviction or sentence." Medberry v. Crosby, 351 F.3d 1049, 1061–62 (11th Cir. 2003). We have rejected that interpretation, however, and have held that "a petition challenging such disciplinary proceedings would not be second or successive where the claim could not have been raised in an earlier petition and does not otherwise constitute an abuse of the writ." Id. at 1062.

In the present case, the district court did not make a threshold determination about whether Adamson's habeas petition was successive. Any error, however, was harmless because Adamson's petition was not successive. Adamson had not brought an earlier challenge in the district court to the prison's disciplinary action, and he did not have an opportunity to raise the claim in an earlier habeas petition. Therefore, the district court had jurisdiction to consider it. See id.

**C.**

Adamson contends that because he filed his petition within 30 days after the denial of his administrative appeals, it was not time-barred. The Department does not dispute that. The time limit for filing a § 2255 petition as set forth in 28 U.S.C. § 2244(d)(1) "is a statute of limitations and not a jurisdictional bar." Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (alteration and quotation marks omitted). A district court may sua sponte dismiss a habeas petition as untimely under the AEDPA's statute of limitations, even if the state erroneously failed to plead the statute of limitations as an affirmative defense. See Jackson v. Sec'y for the Dep't of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002). Under those circumstances, however, the district court is not required to dismiss the petition. Day v. McDonough, 547 U.S. 198, 209, 126 S. Ct. 1675, 1684 (2006) ("[W]e hold that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition.").

The district court did not err by considering the merits of Adamson's claims before addressing whether Adamson's habeas petition was time-barred. Adamson's claims were not time-barred, see 28 U.S.C. § 2244(d)(1)(D), and regardless of their timeliness, the district court was not required to consider that issue sua sponte. See Day, 547 U.S. at 209, 126 S. Ct. at 1684.

7

## II.

Adamson contends that he properly raised his First Amendment retaliation claim in his § 2254 petition because he could not bring the claim under 42 U.S.C. § 1983 until the disciplinary action was overturned. A prisoner's claims challenging the conditions of his confinement may be brought in a civil rights action under § 1983. Nelson v. Campbell, 541 U.S. 637, 643, 124 S. Ct. 2117, 2122 (2004). "[T]he requested relief is the dispositive criterion for determining whether an action can lie under section 1983." Gwin v. Snow, 870 F.2d 616, 622 (11th Cir. 1989). A claim seeking damages may be brought under § 1983, but a demand for restoration of credits should be brought in a habeas petition. See id. at 622–23.

"[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) —if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82, 125 S. Ct. 1242, 1248 (2005). Therefore, a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." Edwards v. Balisok, 520 U.S. 641, 648, 117 S. Ct. 1584, 1589

8

(1997); see id. at 646–48, 117 S. Ct. at 1588–89 (holding that challenge to procedures used in disciplinary hearing that resulted in the deprivation of good-time credits could not be brought under § 1983).

Adamson's retaliation claim was properly brought in a § 2254 petition rather than as a § 1983 claim because his challenge necessarily implied the invalidity of the loss of gain time credits. Even if the district court should have considered whether the claim should have been brought in a § 2254 petition or as a § 1983 claim, any error was harmless.[2] See Fed. R. Civ. P. 61 (providing that a harmless error, which does not affect a party's substantial rights, is not a basis for "for vacating, modifying, or otherwise disturbing a judgment"); Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007) ("[T]he Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are not inconsistent with applicable federal statutory provisions. . . .") (quotation marks omitted).

**AFFIRMED.**

---

[2] Our COA does not expressly refer to the denial of habeas relief itself and, therefore, analysis of the merits falls outside the scope of this appeal. Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) ("[A]ppellate review is limited to the issues specified in the COA."). Even if we were inclined to consider a merits analysis permissible by implication, an independent examination of the record leads us to conclude that Adamson's claims are meritless.