[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 26, 2010
JOHN LEY
CLERK

No. 09-11247
Non-Argument Calendar

_____

D. C. Docket No. 08-00072-CR-J-25-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD WALLY ROSE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 26, 2010)

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Richard Wally Rose appeals his 211-month sentence for being a felon in

possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He contends that his sentence is substantively unreasonable because it was based on an unreasonable guideline provision for armed career criminals. Rose further contends that the district court erroneously focused on his lack of remorse to the exclusion of other factors under 18 U.S.C. § 3553(a). We AFFIRM.

## I. BACKGROUND

Rose was indicted for one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), based on: (1) a 2000 conviction for aggravated battery; (2) a 1985 conviction for possession of a firearm by a convicted felon; (3) a 1985 conviction for unarmed robbery; and (4) a 1976 conviction for bank robbery and assault with a dangerous weapon. At trial, a police officer testified that he stopped Rose's vehicle on 31 December 2007 after Rose failed to obey a stop sign. As Rose exited the vehicle, he fiddled with some bullets in his hand. The officer asked Rose if he had a firearm and Rose responded that he had a gun "in his back." R4 at 31. The officer then removed a handgun from Rose's waistband. The jury ultimately found Rose guilty as charged.

At his sentencing hearing, Rose first objected to the factual statements in the pre-sentence investigation report ("PSI") concerning his offense. In particular, Rose denied that the police officer found a gun in Rose's waistband. The court

overruled the objection based on the jury's verdict. Rose also objected to his

classification as an armed career criminal based on his three prior violent felonies

(a 2000 conviction for aggravated battery, a 1985 conviction for unarmed robbery,

and a 1976 conviction for bank robbery and assault with a dangerous weapon).

Rose argued that his 1985 and 1976 convictions should not count because they

were more than 15 years old. The government explained that the armed career

criminal statute permits prior convictions to be counted regardless of their age.

The district court overruled Rose's objection. After dispensing of Rose's

remaining objections, the court twice offered Rose the opportunity to present

mitigating evidence, but Rose declined. The court then sentenced Rose to 211

months of imprisonment and gave the following reasons:

> The Court has considered the presentence report, the sentencing
> guidelines as well as the 3553 factors and finds that the sentence
> complies with the purpose of sentencing set forth in Title 18, United
> States Code, Sections 3553(a). The Court determines that a sentence
> at the middle of the guideline range is more than adequate and
> sufficient based on this defendant's – this defendant's criminal
> history, this defendant's total lack of any remorse, this defendant's –
> what appears to this Court to be the defendant's unwillingness to
> reform his behavior in any fashion.

R6 at 22-23. After imposing the sentence, the court asked if either party had any

objections to the sentence. Rose voiced no objections.

On appeal, Rose challenges only the substantive reasonableness of his

3

sentence. He does not reassert his argument during sentencing that the probation office incorrectly calculated his armed career criminal status based on his 1976 and 1985 convictions. Instead, Rose contends that the armed career criminal guideline, U.S.S.G. § 4B1.4, is itself unreasonable because it permits the inclusion of convictions, like his 1976 and 1985 convictions, that are too old to count towards the criminal history category. Rose contends that application of U.S.S.G. § 4B1.4 thereby resulted in an excessive sentence. Additionally, Rose submits his sentence was substantively unreasonable because the district court did not adequately consider: (1) the nature and circumstances of the offense and Rose's role in the offense; (2) Rose's history and characteristics; and (3) whether the sentence was sufficient but not greater than necessary to achieve the requisite sentencing purposes.

## II. DISCUSSION

Ordinarily, we review a sentence for abuse of discretion to determine whether any procedural errors were made and whether the sentence is substantively unreasonable. See United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). Where, as here, a defendant raises an argument for the first time on appeal, our review is limited to plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam). There is a difference between Rose's argument in

4

the district court that U.S.S.G. § 4B1.4 should not apply because Rose lacked the predicate number of prior violent felonies, and Rose's argument on appeal that the armed career criminal guideline resulted in an excessive sentence because the guideline is itself unreasonable. Furthermore, the record is clear that Rose failed to object to his sentence on the grounds that the court did not adequately consider all the relevant sentencing factors. Accordingly, Rose must demonstrate that there was error, the error was plain, and the error affected his substantial rights. See id.

No error, plain or otherwise, has been shown. With respect to Rose's challenge to U.S.S.G. § 4B1.4, we conclude that this sentencing guideline is an reasonable application of its congressional counterpart. The Armed Career Criminal Act ("ACCA") imposes a mandatory minimum prison sentence of fifteen years when a defendant convicted of violating 18 U.S.C. § 922(g) has three or more prior convictions for violent felonies or serious drug crimes. See 18 U.S.C. § 924(e)(1) (2009). Although the statute requires that the prior violent felonies have occurred on different occasions, there is no restriction on the age of the convictions. See id. U.S.S.G. § 4B1.4 follows this Congressional mandate by designating as an "armed career criminal" any defendant subject to an enhanced sentence under 18 U.S.C. § 924(e). U.S.S.G. § 4B1.4(a) (Nov. 2009). The application notes to the guideline specifically instruct that the time periods under

§ 4A1.2 for calculating the criminal history category do <u>not</u> apply to § 4B1.4. <u>See</u> U.S.S.G. § 4B1.4, comment. (n.1). Thus, like 18 U.S.C. § 924(e), U.S.S.G. § 4B1.4 does not place time limits on the prior convictions that count toward classification as an armed career criminal. Accordingly, as U.S.S.G. § 4B1.4 reasonably applies 18 U.S.C. § 924(e), the district court did not err in considering Rose's 1976 and 1985 convictions for purposes of enhancing his sentence under § 4B1.4.

We also find no error in the district court's consideration of the 18 U.S.C. § 3553(a) sentencing factors. A district court is not required to discuss each § 3553(a) factor or even state that it has explicitly considered each one. <u>See</u> <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir. 2005). Here, the record reflects that the court considered the § 3553(a) factors, the sentencing guidelines, and the PSI. The PSI detailed Rose's personal history and characteristics, the nature of the offense and Rose's role in the offense, and Rose's numerous criminal convictions dating back to 1971. Contrary to Rose's contention, the district court did not focus exclusively on his lack of remorse. The court cited this as one reason for its sentence, but it also noted Rose's criminal history and his lack of rehabilitation. Furthermore, the court explained that a mid-range sentence sufficiently satisfied the sentencing purposes of § 3553(a), which include promoting respect for the law,

deterring criminal conduct, and protecting the public from future crimes by Rose. See 18 U.S.C. § 3553(a)(2) (2009). Because Rose was sentenced within a properly calculated guideline range, his sentence may be presumed reasonable. See Pugh, 515 F.3d at 1190. Rose has failed to rebut this presumption by demonstrating that his sentence is unreasonable in light of the record and the § 3553(a) factors. See United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007).

## III. CONCLUSION

Based on the foregoing, we find no merit in Rose's challenge to the substantive reasonableness of his sentence. Accordingly, we AFFIRM his sentence.

**AFFIRMED.**