[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15021
Non-Argument Calendar
_____

D.C. Docket Nos. 3:11-cv-00393-HLA-JRK; 3:08-cr-00072-HLA-JRK-1

RICHARD WALLY ROSE,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 12, 2021)

Before MARTIN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Richard Wally Rose, proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion seeking a reduction of his term of supervised release.[1] The government concedes that the district court erred in failing to reduce Rose's term of supervised release. Accordingly, we vacate Rose's sentence and remand to the district court for further proceedings consistent with this opinion.

## I.

In 2008, Rose was convicted of possessing a firearm following a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). When imposing its sentence, the district court determined Rose qualified for the Armed Career Criminal Act's ("ACCA") enhanced penalty provisions in 18 U.S.C. § 924(e). It sentenced him to 211 months' imprisonment to be followed by a five-year term of supervised release. Rose appealed, arguing that his sentence was substantively unreasonable, but this Court affirmed. See United States v. Rose, 368 F. App'x 55, 58 (11th Cir. 2010) (per curiam) (unpublished).

Rose subsequently sought relief under 28 U.S.C. § 2255. The district court denied Rose's habeas petition and this Court affirmed, but the Supreme Court

---

[1] Rose raises a number of other issues, but those are outside the scope of the certificate of appealability ("COA") that the district court granted. We previously declined to expand the scope of the COA. This Court's rules prohibit the filing of a petition for rehearing by the panel or en banc from the denial of a COA. 11th Cir. R. 22-1(c). We cannot construe Rose's brief as a motion to reconsider the denial of his motion to expand the COA, as such a motion must be filed within 21 days and Rose filed his brief nearly three months after we denied his motion to expand the COA. 11th Cir. R. 27-2.

vacated our judgment and remanded for further consideration in light of Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2251 (2015). Rose v. United States, 738 F. App'x 617, 620–22 (11th Cir. 2018) (per curiam) (unpublished). On remand, the district court determined that Rose does not qualify for an ACCA-enhanced sentence and reduced his term of imprisonment from 211 months to 120 months. But the district court also reimposed a term of supervised release of five years.

Rose filed a notice of appeal objecting to a number of things, including the reimposition of the five-year term of supervised release. The district court construed this as a request for a COA and granted it as to the lone issue of whether the district court "was authorized to impose a five-year term of supervised release following his reduction in sentence."

## II.

We review de novo issues of law presented in a COA. Medberry v. Crosby, 351 F.3d 1049, 1053 (11th Cir. 2003).

Without any ACCA enhancements, a violation of 18 U.S.C. § 922(g) has a statutory maximum offense of ten years' imprisonment. 18 U.S.C. § 924(a)(2). That means this offense is categorized as a Class C felony. 18 U.S.C. § 3559(a)(3). The maximum term of supervised release for a Class C felony is three years. 18 U.S.C. § 3583(b)(2). Therefore, the district court exceeded its authority in reimposing the five-year term of supervised release.

Rose's sentence is therefore **VACATED** and **REMANDED** for further proceedings consistent with this opinion.