504 F.2d 887
 Gary Steven KRIST, Plaintiff-Appellant,
v.
James RICKETTS, Warden, etc., Defendant-Appellee.
No. 74-2799 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Dec. 3, 1974.
 
 Gary S. Krist, pro se.
 Arthur K. Bolton, Atty. Gen., David L. G. King, Jr., Asst. Atty. Gen., Atlanta, Ga., for defendant-appellee.
 Before BELL, SIMPSON and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner sought a writ of habeas corpus based upon the claimed denial of procedural due process in connection with his administrative segregation in the Georgia Diagnostic and Classification Center. The district court treated his complaint as seeking a civil rights remedy under 42 U.S.C.A. 1983 and 28 U.S.C.A. 1343(3), and dismissed the complaint after petitioner refused to amend the complaint to set forth facts in support of his claim. Petitioner insists here that he was and is seeking habeas relief, and that he was entitled to an evidentiary hearing on his complaint as filed in the district court.
 
 
 2
 Generally, habeas corpus has been available to persons who seek release from solitary confinement within the context of general incarceration. Bryant v. Harris, 7 Cir., 1972, 465 F.2d 365; Walters v. Henderson, N.D.Ga., 1972, 352 F.Supp. 556. Cf. In re Bonner, 1894, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149; Coffin v. Reichard, 6 Cir., 1944, 143 F.2d 443, 155 A.L.R. 143, cert. denied 1945, 325 U.S. 887, 65 S.Ct. 1568, 89 L.Ed. 2001. We have held that it is proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas corpus. Jones v. Decker, 5 Cir. 1970, 436 F.2d 954. See also Coonts v. Wainwright, M.D.Fla., 1968, 282 F.Supp. 893, aff'd 5 Cir., 1969,409 F.2d 1337. Such release falls into the category of 'fact or duration of . . . physical imprisonment' delineated in Preiser v. Rodriquez, 1973,411 U.S. 475, 498-500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439, 455-456 and reserved for habeas jurisdiction. We do not read Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935, 946, as holding to the contrary.
 
 
 3
 We see nothing alleged which would convert the instant complaint into a 1983 action and we therefore vacate and remand for consideration by the district court as a petition for habeas relief.
 
 
 4
 Vacated and remanded with direction.