Robert L. RUDOLPH,
Plaintiff-Appellant,

v.

Judson C. LOCKE, Jr., Commissioner,
Alabama Board of Corrections, et al.,
Defendants-Appellees.

No. 78–3063
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 14, 1979.

Rehearing Denied June 27, 1979.

---

* Rule 18, 5 Cir.; See *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Robert L. Rudolph, pro se.

William J. Baxley, Atty. Gen., H. Young Dempsey, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before GOLDBERG, RONEY and TJO-FLAT, Circuit Judges.

PER CURIAM.

Robert L. Rudolph is a state prisoner in Alabama. According to his complaint, he is voluntarily confined in a segregation unit because of threats to his life. An Alabama prison regulation provides that "absolutely nothing will be allowed to go from one inmate to another in the Segregation Units." R. at 8. Rudolph brought this action under 42 U.S.C. § 1983, claiming that the regulation violated his first amendment rights and his right of access to the courts. On the basis of the complaint, the answer, some motion papers, and an affidavit from Rudolph, the district court denied relief. Rudolph appeals. We reverse and remand the case so that further evidence may be taken.

A prisoner "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). The Alabama regulation obviously limits Rudolph's ability to send literature about politics and religion to other prisoners and to receive such material from them. Therefore Alabama must show how applying its sweeping regulation to prisoners like Rudolph furthers its legitimate penological objectives. Alabama's bare assertion that the regulation "is an appropriate means of maintaining . . . security in the segregation units," R. at 9, is not enough. It must adduce specific evidence to support that assertion, and it must explain why this regulation is preferable to other possible measures which restrict first amendment rights less severely.

Alabama claims that Rudolph's freedom of expression is not abridged because Rudolph can receive material from other inmates through the mail and can send it to them in the same way. This only raises the question of whether mail provides an *effective* alternative to the speech prohibited by Alabama's regulation. *See Pell v. Procunier,* 417 U.S. 817, 827 n.5, 94 S.Ct. 2800, 2807, 41 L.Ed.2d 495. If Rudolph or other prisoners are too poor to afford postage, for example, the mails may be an ineffective alternative. None of the evidence now in the record enlightens us, or the district court, about whether mail provides an effective alternative. The district court must, therefore, receive evidence on this point as well.

Alabama also argues that Rudolph cannot be heard to complain about conditions in the segregation units because he is able to leave segregation whenever he wishes. But Rudolph asserts that his life will be in danger if he leaves segregation, so Alabama's argument cannot by itself justify the regulation. It is the state's responsibility to protect prisoners, and while it may find it necessary to restrict their freedoms in certain ways in order to protect them, it cannot simply force them to choose between relinquishing their constitutional rights and jeopardizing their own lives. Nothing in the record before us tends to contradict Rudolph's assertion that he must stay in segregation for his own safety; nor does Alabama show why its regulation is necessary to Rudolph's safety. We must reverse and allow further evidence to be taken on this point as well.

Rudolph also alleges that the Alabama regulation denies him his right to access to court. The Supreme Court has held that the Constitution guarantees inmates such a right, *see Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977), in both habeas corpus, *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), and civil rights actions, *Wolff v. McDonnell*, 418 U.S. 539, 577–80, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Moreover, a mere formal right is not enough; prisoners' access to court must be "adequate, effective and meaningful," *Bounds v. Smith*, 97 S.Ct. at 1495. In some circumstances, this right may entail a right to seek the assistance of other prisoners in preparing legal papers. "[U]nless and until the State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation · . . . barring inmates from furnishing such assistance to other prisoners." *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 751, 21 L.Ed.2d 718 (1969). No evidence in this record suggests whether Alabama supplies such alternatives.

The district court's judgment denying relief is reversed. The case is remanded for proceedings consistent with this opinion.

**REVERSED and REMANDED.**