**Georgia PATSY, Plaintiff-Appellant,**

v.

**FLORIDA INTERNATIONAL UNIVERSITY, Board of Regents of the State of Florida, a body corporate, for and on behalf of Florida International University, Defendant-Appellee.**

No. 79–2965
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1980.

Denis Dean, Sr., Miami, Fla., for plaintiff-appellant.

Mahoney, Hadlow & Adams, Jeffrey H. Klink, Jacksonville, Fla., Mahoney, Hadlow & Adams, John W. Kozyak, Miami, Fla., for defendant-appellee.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant Georgia Patsy brought this action under 42 U.S.C. § 1983 after her applications for employment with the University had been rejected a number of times. The district court dismissed the suit on the grounds that Patsy had not exhausted her administrative remedies within the state university system, relying on *Penn v. Schlesinger*, 497 F.2d 970 (5th Cir. 1974) (en banc), *cert. denied*, 426 U.S. 934, 96 S.Ct. 2646, 49 L.Ed.2d 385 (1976). Patsy appeals. We reverse and remand.

Exhaustion of administrative remedies is not a prerequisite of a § 1983 suit. *See, e. g., Ellis v. Dyson*, 421 U.S. 426, 432–33, 95 S.Ct. 1691, 1694–95, 44 L.Ed.2d 274 (1975) ("Exhaustion of state judicial or administrative remedies . . . was ruled not to be necessary, for we have long held that an action under § 1983 is free of that requirement"); *Steffel v. Thompson*, 415 U.S. 452,

* Fed.R.App.Proc. 34(a), 5th Cir. Local R. 18.

472, 94 S.Ct. 1209, 1222, 39 L.Ed.2d 505 (1974) ("When federal claims are premised on 42 U.S.C. § 1983 . . . we have not required exhaustion of state judicial or administrative remedies"); *Gibson v. Berryhill*, 411 U.S. 564, 574, 93 S.Ct. 1689, 1695, 1696, 36 L.Ed.2d 488 (1973) ("But this Court has expressly held in recent years that state administrative remedies need not be exhausted where the federal court plaintiff states an otherwise good cause of action under 42 U.S.C. § 1983"); *Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). The district court's reliance on *Penn v. Schlesinger*, is misplaced, as that case involved § 1981, not § 1983.

Appellees also attempt to support the dismissal on grounds not considered by the district court. They argue that the University is not a "person" under § 1983, and that the Eleventh Amendment bars the suit. Since the district court did not rule on these contentions, we leave it to that court to address them first.

REVERSED and REMANDED.