FILED
United States Court of Appeals
Tenth Circuit

December 9, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEREMY PINSON,

   Petitioner - Appellant,

v.

DAVID BERKEBILE,

   Respondent - Appellee.

No. 14-1243
(D.C. No. 1:14-CV-00423-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Appellant Jeremy Pinson, a federal prisoner representing himself pro se, appeals

the district court's dismissal of his § 2241 habeas petition. In his petition, Appellant

claimed his due process rights were violated during disciplinary proceedings stemming

from five prison incident reports. Specifically, he claimed that in each disciplinary

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceeding he was denied (1) a mental evaluation pursuant to 28 C.F.R. § 541.6; (2) a staff representative to assist him due to his mental illness; (3) a hearing; and (4) an opportunity to present witnesses and documentary evidence before being found guilty. At the district court's request, both parties filed briefs addressing the question of whether Appellant had exhausted his available administrative remedies, a prerequisite to filing a § 2241 petition.

After considering the arguments and evidence submitted by both parties, the court concluded all of Appellant's claims should be dismissed. The court first concluded that the claims arising from three of the incident reports were not the proper subject of a § 2241 habeas petition because the sanctions imposed did not include the loss of good-conduct time or otherwise affect the length of Appellant's sentence. Moreover, the court concluded that even if these claims were instead considered as *Bivens* claims challenging the conditions of Appellant's confinement, they must fail on the merits because Appellant had not shown his constitutional due process rights were implicated by the limited sanctions imposed on him. As for the claims relating to the remaining two incident reports, these claims were properly brought under § 2241 because the sanctions for these two reports included the loss of good-conduct time, which affects the duration of an inmate's confinement in prison. However, the district court concluded Appellant had not exhausted his administrative remedies regarding these reports. For these reasons, the court dismissed all of Appellant's claims.

On appeal, Appellant first challenges the district court's conclusion that § 2241

-2-

was not the proper vehicle for challenging the three incident reports that did not involve the loss of good-conduct time. His arguments on this point are based on non-binding precedent from other circuits, and they are unpersuasive in light of contrary prevailing Tenth Circuit authority. *See, e.g.*, *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). We are not persuaded the district court erred in recharacterizing these claims as challenges to the conditions of his confinement that should have been brought under *Bivens*. Appellant further challenges the district court's conclusion on the merits that his constitutional due process rights were not implicated by the minor sanctions imposed for these three incidents. He argues the district court should have considered the degree of restriction he experienced in disciplinary segregation as evidence that the sanctions implicated a protected liberty interest. However, nothing in Appellant's complaint suggested that his time in disciplinary segregation involved an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). We accordingly see no error in the district court's conclusion that these claims were subject to dismissal on the merits.

We turn then to the two claims that involved a loss of good-conduct time, which the district court dismissed as unexhausted. In his briefing below, Appellant asserted that he was not able to exhaust these claims because he never received a copy of the Disciplinary Hearing Officer's reports for these incidents and, contrary to the national policy, the prison in which he is incarcerated requires inmates to have a copy of a DHO

report before they can receive the BP-10 form required to administratively challenge the

DHO's decision. Appellant supported these allegations with a declaration, sworn under

penalty of perjury, in which he averred:

> 3. Following adjudication of these [incident] reports I waited 14 days for receipt of the DHO report to file an appeal. When I did not receive the DHO report I asked my Counselor D. Foster for four BP-10 regional administrative remedy appeal forms. He refused to provide such until I received the DHO reports. When I explained to him that that was not policy he became angry and lectured me that he did not need an inmate to explain [Bureau of Prisons] policy to him.
> 4. I then proceeded to ask for a BP-8 [form] to file on the failure to deliver DHO reports. Mr. Foster told me DHO issues could only be filed on a BP-10. I then asked again for BP-10 forms and he again refused unless I showed him the DHO reports. I asked him if he understood the endless loop of his logic and he walked away from my cell without answering me.
> 5. I waited several months for the DHO reports and continued to ask for BP-10 forms with no success.

(R. at 84.)

In its responsive briefing, the government asserted that Appellant received copies

of the DHO reports on July 22, 2013, approximately one month after the pertinent

incident reports were adjudicated. Moreover, the government asserted that the Bureau of

Prisons does not require a prisoner to submit or provide a DHO report in order to receive

a BP-10 form to appeal the results of a disciplinary action. The government supported its

arguments with the declaration of Mr. Foster, Appellant's prison counselor. Mr. Foster

averred he had reviewed the prison's business records and determined, based on these

records, that copies of the pertinent DHO reports were provided to Appellant on July 22,

2013. Mr. Foster also averred he had provided many administrative grievance forms to

Appellant during the unspecified time period in which he was Appellant's counselor and he did not recall "any specific instances where [he] refused to provide [Appellant] a BP-8 form or BP-10 forms between June 17, 2013 and July 6, 2013." (R. at 121.) Mr. Foster did not otherwise address Appellant's allegation that he refused to provide Appellant with the appropriate grievance forms at all times following adjudication of the DHO reports. Mr. Foster further averred that "[t]he Bureau of Prisons does not require an inmate to submit or provide a DHO report to a counselor before being given a BP-10 form." (R. at 121.) However, Mr. Foster did not explicitly address Appellant's allegation that officials in his specific prison, including Mr. Foster, failed to follow this national BOP policy and would instead refuse to provide BP-10 forms unless the inmate showed the official a copy of the pertinent DHO report.

The government's responsive briefing was also supported by copies of the pertinent prison records referred to by Mr. Foster. A stamped notation at the bottom of each record indicates that the DHO reports were delivered to Appellant on July 22 by an individual identified on the report as "D. Rhodes," who is not otherwise identified in Mr. Foster's declaration or any of the other materials filed by the government. The government also attached to its briefing a declaration from the national inmate appeals administrator for the BOP. This individual averred that BOP policy does not require an inmate to submit or provide a DHO report before receiving a BP-10 form or otherwise being permitted to appeal the results of a disciplinary action. Again, as with Mr. Foster, the national appeals administrator did not address Appellant's allegation that officials at

his prison refused to follow this national BOP policy.

In his reply to the government's response, Appellant argued, among other things, that the facts were in dispute as to whether local prison officials such as Mr. Foster refused to provide inmates with BP-10 forms until the inmate received a copy of the DHO report he wished to administratively appeal. He also contended the government's assertion that the DHO reports were delivered to Appellant on July 22 was supported only by hearsay because Mr. Foster, the only individual who attested to delivery of the reports on this date, was not the unidentified "D. Rhodes" listed on the reports and did not have personal knowledge of their delivery. Appellant further asserted the exhaustion requirement should be waived because the prison failed to provide him with a staff representative to assist him, as a mentally ill inmate, in filing an administrative appeal of the DHO's decision.

The district court concluded that Appellant failed to meet his burden of showing that exhaustion was futile or that prison officials made an administrative remedy unavailable to him. *See Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011). In reaching this conclusion, the district court relied in part on the government's evidence that national BOP policy does not require inmates to have a copy of the DHO report in order to receive a BP-10 form. The court apparently failed to recognize the significance of Appellant's specific allegation that his counselor refused to follow this national policy and would not provide Appellant with the requested BP-10 and BP-8 forms based on his lack of a DHO report. The court simply assumed that evidence of the national policy

meant Appellant could have received the appropriate forms from local prison officials, leaving unaddressed the factual dispute created by Appellant's affidavit evidence of local deviations from this national policy. The court also apparently assumed the truth of the notation that "D. Rhodes" delivered the DHO reports to Appellant on July 22 without considering either Appellant's hearsay argument or the factual dispute between the evidence submitted by Appellant and the evidence submitted by the government. The district court then stated: "Appellant does not assert that once he received the DHO reports he was denied a BP-10 form or was unable to appeal the results of [the incident reports]," and the court concluded that Appellant accordingly could have exhausted his administrative remedies once he received the DHO reports and was able to obtain the BP-10 forms. (R. at 190.) However, the reason Appellant did not assert he was denied a BP-10 form after he received the DHO reports is because, according to him, he never did receive the DHO reports.

In concluding that Appellant's claims should be dismissed for lack of exhaustion, the district court did not make any credibility determinations or other factual findings to resolve the material disputes in the record; rather, the court simply assumed the truth of the government's evidence without acknowledging the fact that Appellant had submitted contradictory evidence. The district court's order also failed to address Appellant's argument that exhaustion should be waived due to the prison's failure to provide him with staff representation to assist him in exhausting his administrative remedies.

Given the unsettled state of the record before us on appeal, we cannot affirm the

district court's dismissal of Appellant's remaining two claims based on lack of exhaustion. The record contains unresolved issues of fact material to the question of whether Appellant attempted to exhaust his administrative remedies but was hindered by prison officials' alleged refusal to ever provide him with the appropriate forms. We therefore remand for further consideration of these matters. In particular, the district court should address Appellant's hearsay challenge to the government's evidence and resolve the factual disputes at issue in this case. On remand, the district court should also consider Appellant's argument regarding the lack of staff representation to assist him in exhausting his administrative remedies, unless the court concludes that this argument was waived.[1]

The district court denied Appellant's motion for the appointment of counsel as moot in light of the court's dismissal of all of his claims. Because we are remanding two of the claims for further consideration, the district court should reconsider this motion on remand. In so holding, we express no opinion as to how the district court should rule on

---

[1] The government argues in its appellate brief that this argument was waived because Appellant did not raise it in his initial habeas application. However, Appellant's argument goes to the question of exhaustion, which inmates are not required to specifically plead or demonstrate in their complaints. *See Jones v. Bock*, 549 U.S. 199 (2007); *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Appellant's failure to mention this argument in his habeas petition accordingly cannot be considered a waiver of the right to make this argument at a later stage of the proceedings. However, we note Appellant did not raise this argument in the first round of briefing on the exhaustion question before the district court. The district court may determine in the first instance whether Appellant's failure to raise this argument in the first round of briefing should be held to constitute a waiver.

the motion for the appointment of counsel.  We also express no opinion as to the ultimate merits of Appellant's claims.

For the foregoing reasons, we **AFFIRM** the dismissal of Appellant's claims arising from incident reports 2451284, 2240623, and 2381156.  We **REVERSE** and **REMAND** for further consideration the dismissal of Appellant's claims arising from incident reports 2454283 and 2454005.  We **GRANT** Appellant's motion to proceed *in forma pauperis* on appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge