**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 10, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JEREMY PINSON,

        Petitioner - Appellant,

v.

DAVID BERKEBILE,

        Respondent - Appellee.

No. 14-1336
(D.C. No. 1:14-CV-00410-LTB)
(D. Colo.)

**ORDER & JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Jeremy Pinson, a federal prisoner, is no stranger to our court. In this case, he appeals the denial of his application for habeas relief under 28 U.S.C. § 2241. He asserted that prison officials violated his due process rights during five separate disciplinary proceedings leading to separate incident reports and various sanctions. On appeal, Pinson argues that the district court prematurely dismissed his claim regarding a third incident

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not be of material assistance in the determination of this case. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

- 1 -

report and erred when it failed to rule on his motion to appoint counsel. We disagree with Pinson's arguments for that incident report.

In addition, Pinson claims that the district court erred in concluding that he failed to exhaust his administrative remedies for two of the disciplinary incident reports claims. Because the district court did not resolve disputed factual issues regarding these claims and failed to address Pinson's hearsay argument, we must reverse and remand the dismissal of Pinson's claims related to those incident reports. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part, reverse in part, and remand for further consideration.

## BACKGROUND

Throughout the first half of 2013, Pinson committed various infractions that yielded Incident Reports (IR). After an officer issues an incident report, a Discipline Hearing Officer (DHO) determines sanctions, if any, for that incident. After the DHO determines sanctions, he prepares a DHO report outlining those sanctions.

For two such incidents, IR 2451286 and IR 2451280, Pinson destroyed prison property. These incidents resulted in Pinson's losing commissary and phone privileges for short periods. In IR 2458043, Pinson threw his food tray at an officer, resulting in his forfeiting 27 days of good-conduct time. In IR 2445224, Pinson broke a fire sprinkler and flooded his cell. For this, Pinson forfeited 14 days of good-conduct time. In IR 2399367, Pinson threatened a staff member with bodily harm when officers were transferring

Pinson from his cell to another area for recreation time. For this incident, Pinson forfeited another 14 days' good-conduct time.

An inmate who incurs sanctions—as Pinson did here—must pursue administrative remedies before seeking judicial relief. First, an inmate can file a BP-9 form, which is a formal request for Administrative Remedy, at the institution where the inmate is incarcerated. 28 C.F.R. § 542.14 (2010). Inmates who receive an unsatisfactory resolution can appeal that decision to the Regional Director of the Bureau of Prisons by completing a BP-10 form. *See* 28 C.F.R. § 542.15(a). But inmates can also skip the BP-9 step and appeal a DHO decision directly to the Regional Director. When dissatisfied with the Regional Director's response, inmates can take a final appeal to the Director of National Inmate Appeals by filing a BP-11 form. 28 C.F.R. § 542.15(a).

For IR 2399367, Pinson completed the first two levels of appeal. Pinson filed a BP-11 appeal to the National Director but failed to file a timely response, leading the National Director to deem Pinson's appeal denied. For IR 2458043 and IR 2445224, Pinson apparently filed no appeal at either the institutional or regional levels. For IR 2451286 and IR 2451280, Pinson completed all three levels of appeal by filing BP-9, BP-10, and BP-11 forms. Before the National Director could consider the appeals, Pinson filed the instant § 2241 action. He alleged that he was denied due process in each of the disciplinary proceedings and asked the district court to expunge the five IRs, thus restoring his good conduct time. In arguing that he exhausted his administrative remedies, Pinson swore in an affidavit that his unit counselor at ADX Florence had refused to

provide him with the appropriate forms for appeal because Pinson had not yet received DHO reports. Pinson later filed a motion asking the district court to appoint counsel. The district court never ruled on Pinson's motion.

The district court asked Warden Berkebile, the Respondent, to state (1) whether Pinson had received the DHO's decisions in IR 2399367, IR 2458043, and IR 2445224; (2) whether the Bureau of Prisons requires a prisoner to submit or provide a DHO report before he can receive a BP-10 appeals form; and (3) whether the Unit Counselor refused to provide Pinson with the appropriate forms for appeal. Warden Berkebile claimed that Pinson had received a copy of each of the three DHO reports in question. Warden Berkebile also stated that the Bureau of Prisons does not require prisoners to provide a copy of a DHO report before requesting forms or appealing. Rather, he said, a prisoner only needs to include the information that the BP-10 or BP-11 forms require.

Finally, the Warden provided a declaration from Pinson's unit counselor, Darron Foster, who stated that he keeps records showing when inmates have pursued administrative remedies. But Foster also declared that he did "not keep a log book of administrative remedy/appeal forms provided to inmates" and that he had "no way to reference when [he] may have provided forms to [Pinson]." (R. at 142). Foster did state that he could not recall ever refusing to provide Pinson an appeals form. Even so, for the incident reports in IR 2458043 and IR 2445224, Foster stated that, for each incident report, "a copy of the DHO report, including the written findings and conclusions, [was] provided to [Pinson]." (R. at 141–42). In support, Foster attached the DHO reports to his

- 4 -

affidavit. The DHO report forms end with a box stating "Report delivered to inmate by." For IR 2445224, that box is signed "Rhodes," who was the Discipline Hearing Officer for that report. (R. at 171). For IR 2458043, we are uncertain whether Rhodes or someone else signed the delivery box, but Rhodes also served as the hearing officer in that matter.

In response, Pinson contended that the counselor's statements contradicted the written reasons given for denying his appeals. In support, Pinson attached copies of the rejections of his attempts to appeal; these rejections stated that Pinson "did not provide a copy of the DHO report [he wished] to appeal." (R. at 190, 192). Pinson also argued that Foster's declaration about Pinson's receipt of the DHO reports was improper hearsay because Foster's statement was not based on personal knowledge.

The district court dismissed without prejudice Pinson's claims relating to IR 2458043 and IR 2445224 because Pinson had failed to exhaust his administrative remedies. It noted that Pinson had the burden to show exhaustion and that he failed to support his appeal by providing sufficient information for the appeals coordinator to determine the basis of his claims. The district court rejected Pinson's arguments that providing the DHO report was a prerequisite to appeal and that the counselor failed to provide Pinson with the appropriate appeals forms. Rather, the district court pointed to the advisement Pinson received, where Pinson learned he had the right to appeal within twenty days. The district court did not address Pinson's hearsay argument.

The district court also dismissed with prejudice Pinson's claims relating to IR 2451280 and IR 2451286. Because those reports resulted only in the temporary loss of

commissary and telephone privileges, Pinson could not challenge those reports under § 2241, which exists to challenge the conditions of confinement, including the length of a sentence. The court concluded that even if Pinson's claim challenged the conditions of his confinement, the loss of these privileges did not impermissibly deprive him of a liberty interest because the restricted privileges did not "subject [Pinson] to an atypical and significant hardship in relation to the ordinary incidents of prison life." (R. at 211) (citing *Grady v. Garcia*, 506 F. App'x 812, 814 (10th Cir. 2013) (unpublished)).

After further briefing, the district court dismissed with prejudice Pinson's claims relating to IR 2399367. Warden Berkebile stated that, due to an administrative error and the passage of time, he would expunge that incident report and restore the 14 days of good conduct time Pinson lost because of that incident. The district court concluded that Pinson had received the relief he requested for this IR and dismissed his claims. Pinson timely appealed.

## DISCUSSION

We begin by briefly addressing jurisdiction. After Pinson filed his § 2241 petition, the Bureau of Prisons transferred Pinson from ADX Florence to MCFP Springfield (Missouri) for psychiatric evaluation. Because of this transfer, Pinson's immediate physical custodian is no longer within the district court's jurisdiction. But the District of Colorado acquired jurisdiction when Pinson filed his habeas petition while incarcerated at ADX Florence. Pinson's transfer does not defeat that initial jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004) (citing *Ex parte Endo*, 323 U.S. 283, 304–06

(1944)); *see also Griffin v. Ebbert*, 751 F.3d 288, 290–91 (5th Cir. 2014) (stating that "[j]urisdiction attached on [petitioner's] initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change").

With that in mind, we consider the merits of Pinson's arguments. We review de novo the district court's dismissal of a § 2241 habeas petition. *Abernathy v. Wandes*, 713 F.3d 538, 544 (10th Cir. 2013). Pinson proceeds pro se, so we construe his filings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). But we will not act as a pro se litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Dismissal of IR 2399367**

Pinson first argues that the district court erred by dismissing his claims relating to IR 2399367 because, contrary to the district court's view, he still had an administrative remedy that he could pursue. Specifically, Pinson believes that the district court should have awarded him damages and ordered Warden Berkebile to transfer him from solitary confinement at ADX Florence to a less restrictive facility. Pinson contends that the district court should have permitted his claims for this incident to continue in order to undo "the residual effects of a due process violation." (Appellant's Br. at 11). In support, he cites cases from other circuits. *See Medberry v. Crosby*, 351 F.3d 1049, 1053 (5th Cir. 2003); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989); *Krist v. Ricketts*, 504 F.2d 887, 888 (5th Cir. 1974) (per curiam). *Krist* and *Bostic* offer no support because they do not deal with expunging an incident report. *Krist* concerns a petitioner's seeking habeas relief for a purported due process violation in connection with his placement in

- 7 -

administrative segregation. *Krist*, 504 F.2d at 887. *Bostic*, in part, concerns a petitioner's restoration of good conduct time. But the petitioner there did not challenge a restoration of good conduct time; rather, he challenged the form of the hearing leading to the petitioner's loss of good conduct time. *Bostic*, 884 F.2d at 1271. Nor does *Medberry* support Pinson. On the contrary, it supports the district court's conclusion. There, the court considered a § 2241 petition moot when a prisoner completed an imposed term of administrative segregation before filing a § 2241 petition. *Medberry*, 351 F.3d at 1053–54.

Because of his behavior leading to IR 2399367, Pinson lost 14 days of good conduct time, 15 days of disciplinary segregation, and 60 days of full commissary and telephone privileges. Nothing in the DHO report for this incident extends Pinson's confinement at ADX Florence. We see nothing from Pinson contesting that he has not already completed the segregation and the telephone/commissary restriction period. Accordingly, when Warden Berkebile restored Pinson's 14 days of good conduct time, Pinson retained nothing to challenge about that incident report. The district court correctly dismissed with prejudice Pinson's claims concerning IR 2399367.

**Dismissal of IR 2451286 and IR 2451280**

Pinson does not challenge the district court's dismissal of his claims related to IR 2451286 and IR 2451280. Therefore, we consider these claims waived. *See Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277–78 (10th Cir. 1994) (White, J., sitting by designation).

**Exhaustion of IR 2458043 and IR 2445224**

Finally, Pinson argues that the district court erred in concluding that he had failed to exhaust his administrative remedies for IR 2458043 and IR 2445224. He contends that the district court improperly resolved a factual dispute regarding whether Pinson received the DHO reports. He also asserts that the district court erred when it failed to consider his hearsay argument opposing Foster's declaration that Pinson had received the DHO reports. Pinson also argues that the district court erred when it concluded that he could appeal without receiving a DHO report.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). An inmate can satisfy the exhaustion requirement only by properly using available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203. Inmates seeking to file § 2241 habeas petitions exhaust their administrative remedies by complying with the Bureau of Prisons' Administrative Remedy Program. *See* 28 C.F.R. §§ 542.14–542.15. Inmates suffering sanctions (including loss of good-conduct time) because of discipline reports must complete a regional appeal and a national appeal. *See* 28 C.F.R. §§ 542.14(a), 542.15(a). "The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions." *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

Addressing claims that Pinson raised while opposing other incident reports, a separate panel of this court recently remanded based upon Pinson's arguments that his unit counselor at ADX Florence had failed to follow national BOP policy by refusing to provide Pinson with the requested BP-10 and BP-8 forms until Pinson received a DHO report. *See Pinson v. Berkebile*, No. 14-1243, 2014 WL 6892179, at *3 (10th Cir. Dec. 9, 2014) (unpublished). In that case, Pinson argued that the district court relied on Foster's hearsay regarding whether Pinson received the DHO reports. *Id.* He also contended that there was a factual dispute as to whether Foster refused to provide Pinson with BP-10 forms until Pinson received a copy of the DHO report for that incident. *Id.*

In No. 14-1243, the panel noted an affidavit that Pinson filed averring that Foster denied his request for BP-10 forms because Pinson had not yet received the DHO reports. *Id.* at *2. Based on this, the panel remanded so the district court could consider this factual dispute. *Id.* at *3. The panel also remanded because the district court "apparently assumed the truth of the notation that 'D. Rhodes' delivered the DHO reports to Appellant . . . without considering either Appellant's hearsay argument or the factual dispute between the evidence submitted by Appellant and the evidence submitted by the government." *Id.*

Pinson raises similar arguments here. Just as in No. 14-1243, Pinson filed an affidavit asserting that Foster "refused to provide [a BP-10 form] until [he] received the DHO Reports." (R. at 104). Additionally, after Warden Berkebile submitted Foster's declaration, Pinson challenged as hearsay Foster's statement that Pinson had received the

- 10 -

DHO reports. Just as it failed to do in No. 14-1243, the district court did not address Pinson's allegation that Foster had refused to provide BP-10 forms because Pinson did not have the DHO reports in hand. *See Pinson*, 2014 WL 6892179, at *3. The district court further assumed that Rhodes delivered the DHO reports to Pinson without first considering Pinson's hearsay argument or his affidavit.

We cannot affirm the district court's dismissal of Pinson's claims relating to IR 2458043 or IR 2445224. The record shows unresolved issues of fact regarding whether prison officials impaired Pinson's attempt to exhaust administrative remedies by refusing to provide him with the appropriate forms. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust."). On remand, the district court should resolve this factual dispute and Pinson's hearsay challenge.

**Pinson's Motion to Appoint Counsel**

Finally, Pinson argues that the district court abused its discretion when it dismissed his case without resolving his motion seeking appointment of counsel. We find nothing in the record showing that the district court explicitly addressed or disposed of Pinson's motion for appointed counsel. Because we are remanding two of Pinson's claims for further consideration, the district court should also address Pinson's motion for counsel on remand. We do not express any opinion about the ultimate

merits of Pinson's claims, nor do we express any opinion about how the district court should rule on Pinson's motion for counsel.

CONCLUSION

We affirm the district court's dismissal of Pinson's claims related to IR 2399367, IR 2451286, and IR 2451280. We reverse and remand for further consideration the dismissal of Pinson's claims arising from IR 2458043 and IR 2445224.

ENTERED FOR THE COURT


Gregory A. Phillips
Circuit Judge