# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30537
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2016

Lyle W. Cayce
Clerk

JEREMY PINSON,

Plaintiff-Appellant

v.

FEDERAL BUREAU OF PRISONS; WARDEN, FEDERAL CORRECTIONAL COMPLEX OAKDALE; ASSISTANT WARDEN, FEDERAL CORRECTIONAL COMPLEX OAKDALE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:14-CV-450

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jeremy Pinson, federal prisoner # 16267-064, filed a *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), complaint against the Federal Bureau of Prisons (BOP) and the Warden and Assistant Warden at the Federal Correctional Complex in Oakdale, Louisiana

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(the Oakdale defendants).   When Pinson filed his complaint, he was incarcerated at the Administrative Maximum United States Penitentiary in Florence, Colorado (ADX Florence).

In his complaint, Pinson averred that he was a former member of a Sureño gang known as the "Florencia 13" and that he was being targeted by other gang members at ADX Florence because he had cooperated with government officials.  Given the ongoing threat of violence, Pinson alleged that ADX Florence officials arranged to transfer him into the Reintegration Housing Unit Program at Oakdale but that the Oakdale defendants refused to accept him into the program in retaliation for Pinson having filed lawsuits against BOP staff.

The district court dismissed the complaint as frivolous and for failure to state a claim, finding that the BOP was entitled to sovereign immunity and that because Pinson was transferred from ADX Florence and therefore was no longer in imminent danger, he had no cause of action for a transfer to a more preferable institution.  Because the district court dismissed the complaint as frivolous and for failure to state a claim, we apply de novo review.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

The district court correctly determined that the BOP was entitled to sovereign immunity.  *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001).  With regard to his retaliation claim, Pinson has not alleged a chronology of events from which retaliation can be inferred, and his conclusional assertion that he was retaliated against, without more, is insufficient to state a claim.  *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  Because Pinson does not dispute that he is no longer housed at ADX Florence, the district court did not err in finding that Pinson was no longer in imminent danger from gang-related violence so as to warrant his transfer to a

more preferable institution. *See Streeter v. Hooper*, 618 F.2d 1178, 1182 (5th Cir. 1980); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Accordingly, the judgment of the district court is AFFIRMED. Pinson's motion for appointment of counsel is DENIED.